GERTRUDE THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92349. Promulgated November 9, 1939.

*Courtland Kelsey, Esq.,* for the petitioner.
*James R. Johnston, Esq.,* for the respondent.

OPINION.

TYSON: The respondent determined a deficiency of $2,943.80 in income tax for the calendar year 1934.

Of her two assignments of error the petitioner has abandoned that one set forth in paragraph 4 (b) of the petition. The only remaining issue presented to the Board involves the question of whether the respondent erred in disallowing a claimed deduction of $5,527.69

in computing the petitioner's income from two trusts of which she was the beneficiary.

The proceeding has been submitted upon a stipulation of facts which is adopted as our findings of fact and incorporated herein by reference. Only such facts as are deemed necessary for the purposes of this opinion will be set forth herein.

The petitioner, an individual whose address is "% Price, Waterhouse & Co., 56 Pine Street, New York, New York", duly filed an income tax return (form 1040) for the year 1934, with the collector of internal revenue for the second district of New York.

The petitioner is the widow of William Boyce Thompson, who died a resident of the State of New York on June 27, 1930, leaving a will dated January 24, 1930, and a codicil thereto dated March 1, 1930, which will and codicil were duly admitted to probate in the Surrogate's Court of Westchester County on July 15, 1930. During 1934 Thomas W. Lamont, Fred Searls, Jr., Thomas D. Thacher, and Percy Bullard were the duly qualified and acting trustees under that will.

By his will the decedent made various specific bequests and devises and created several trusts for the benefit of various persons. The tenth clause of the will devised certain real property in Yonkers, New York, and bequeathed the personal property thereon, with certain exceptions, to the testator's wife if she survived him, and if she did not, to his daughter if the latter survived him, and further provided, *inter alia:*

\* \* \* If either my said wife or daughter shall survive me I give to my trustees, hereinafter named, Two Million Dollars ($2,000,000), In Trust, to hold the same so long during the lives of my said wife and daughter as either shall continue to reside on said real property and to invest and reinvest the same and to pay the net income therefrom to my said wife so long during her life as she shall continue to reside on said real property; but if she shall cease to reside on said real property then from and after the time that she shall cease to reside there, to pay the net income therefrom to my said daughter so long as she shall live and continue to reside there; and if at any time while either my said wife or said daughter be living neither shall reside on said real property to pay the net income thereof to my said wife so long as she shall live and at her death to pay the net income thereof to my said daughter during her life; \* \* \*

The codicil to the will, relating to the disposition of the testator's residuary estate, provided, *inter alia:*

I give, devise and bequeath one-half of all the rest, residue and remainder of my estate, of whatsoever kind and wheresoever situate, to the trustees named in said Will, In Trust, to invest and reinvest the same and receive the income therefrom, and to pay over the net income thereof to my said wife during her life, and at her death to pay the net income thereof to my said daughter during her life, and at her death to transfer the same absolutely in equal shares per stirpes to the issue of my said daughter then living, \* \* \*

The taxable and nontaxable income realized for the year 1934 by the trustees of the two above mentioned trusts, which income was distributable to the petitioner, was as follows:

| | Income from fiduciaries | |
|---|---|---|
| | Under 10th clause of will of William Boyce Thompson | Under codicil to will of William Boyce Thompson |
| Interest on corporation bonds, except interest on tax-free covenant bonds | $300.00 | $1,207.79 |
| Dividends on stocks of domestic corporations | | 29,240.50 |
| Nontaxable interest | 81,240.14 | 69,729.31 |
| Total income received by trustees | 81,540.14 | 100,177.60 |
| Deductions: | | |
| Trustees' commission on income | 4,952.40 | 6,177.75 |
| Office expense of trustees | 871.51 | 901.56 |
| Collection expense | 3.78 | 4.19 |
| Taxes on dividends distributable | | 23.44 |
| Interest paid | | 1.02 |
| Total deductions | 5,827.69 | 7,107.96 |
| Amount distributable to Gertrude Thompson | 75,712.45 | 93,069.64 |

The trustees' commissions and miscellaneous expenses listed in the above tabulation were not paid directly by the petitioner, but were paid by the trustees out of the income collected by them before determining the amount distributable to the petitioner. The trustees rendered to petitioner an annual account of their receipts and disbursements for the year 1934 in accordance with the provisions of section 285 of the Surrogate's Court Act of the State of New York and the petitioner approved and accepted such account as rendered.

On her return for 1934 the petitioner reported as item 6, "Income from Fiduciaries", the amount of $17,812.64 as taxable income, itemized on an attached schedule as follows:

| | Taxable income from fiduciaries | |
|---|---|---|
| | Trustees under the tenth clause of the will of William Boyce Thompson | Trustees under the codicil to the will of William Boyce Thompson |
| Income: | | |
| Interest on corporation bonds except interest on tax-free covenant bonds | $300.00 | $1,207.79 |
| Interest on tax-free covenant bonds upon which a tax was paid at source | | |
| Dividends on stocks of domestic corporations | | 29,240.50 |
| | 300.00 | 30,448.29 |
| Deductions: | | |
| Taxes paid, dividend tax | | $23.44 |
| Trustees' commission | $4,952.40 | 6,177.75 |
| Office expense | 871.51 | 901.56 |
| Collection expenses | 3.78 | 4.19 |
| Interest paid | | 1.02 |
| Total | 5,827.69 | 7,107.96 |
| | −5,527.69 | 23,340.33 |
| | | 5,527.69 |
| | | 17,812.64 |

In determining the deficiency involved herein the respondent, *inter alia*, added the item of $5,527.69 to the item of $17,812.64 reported on petitioner's return, both of which items are disclosed in the tabulation set forth in the next preceding paragraph. As the basis for his action, the respondent set forth in his deficiency notice that while the trustees' expenses embraced in the item of $5,527.69 constituted an allowable deduction from the taxable income of the trust, a separate entity, they were not allowable as a deduction from the petitioner's taxable income as a beneficiary of the trust.

The respondent contends that the trust created by the tenth clause of the will and the trust created by the codicil to the will are two separate trusts; that each of those two trusts and the petitioner was a separate taxable entity; that the taxable income and the deductions of the two trusts, respectively, may not be consolidated in determining the petitioner's taxable income as the beneficiary of those trusts; and that the net taxable income distributable to petitioner by each of those trusts, respectively, must be determined separately before the petitioner's taxable income from each of those two sources can be determined.

Petitioner contends that her taxable net income as distributee of those two trusts should be determined by throwing into "hodgepodge" the items of taxable income and deductions of the two trusts, resulting in a consolidated net taxable income of $17,812.64 from fiduciaries as reported in item 6 on her return.

The petitioner does not dispute the respondent's contention that two separate trusts were created. In our opinion the testator's will clearly evidences his intent and purpose to create under the tenth clause one trust embracing certain subject matter for specified uses and purposes and to create under the codicil a second trust embracing certain other distinct subject matter for other specified and separate uses and purposes, and, we are of the further opinion that the will and codicil accomplish that purpose. Cf. *United States Trust Co. of New York* v. *Commissioner*, 296 U. S. 481. Each of those two trusts and the petitioner constituted a separate taxpayer and each is entitled only to its or her own separate appropriate deductions. Cf. *Anderson* v. *Wilson*, 289 U. S. 20. The petitioner as beneficiary of the two separate trusts may not claim the expenses of $5,527.69 of the trust under the tenth clause of the will as a deduction from her taxable income of $23,340.33 received by distribution from the trust under the codicil to the will. Cf. *Bush* v. *Commissioner*, 50 Fed. (2d) 800, affirming 17 B. T. A. 592; *Ardenghi* v. *Helvering*, 100 Fed. (2d) 406, affirming 37 B. T. A. 345; certiorari denied, 307 U. S. 622.

Here we are concerned only with the tax liability of the petitioner as the beneficiary and distributee of the net income of each of the

two separate trusts. The above set out expenditures of each separate trust, respectively, reduced her distributable share of the income of each trust, irrespective of whether such expenditures would be deductible in determining the separate tax liability of each trust. *Augusta Bliss Reese*, 29 B. T. A. 565. Furthermore, the expenditures by each trust must be deducted, wholly, from the taxable income of such trust, respectively. *John H. Watson, Jr., et al., Trustees*, 35 B. T. A. 706.

Accordingly, in regard to the trust created by the tenth clause of the will we hold that, the expenditures of the trust having been in excess of its taxable income, there remained only nontaxable interest distributable to the petitioner as the beneficiary thereof and that she derived from that trust no income taxable to her for the year 1934. We hold further that the trust created by the codicil to the will received taxable income of $30,448.29, incurred expenditures of $7,107.96, and had a net taxable income of $23,340.33 (including dividends) distributable to petitioner, which latter amount is includable in the petitioner's gross income as taxable income received by her from that trust for the year 1934. In her return the petitioner reported the amount of $17,812.64 as taxable income received from fiduciaries, arrived at by deducting the item of $5,527.69 from the item of $23,340.33 as hereinbefore set forth. The respondent has increased such amount to $23,340.33 in determining the deficiency in question. Accordingly, the respondent's determination is sustained.

*Decision will be entered for the respondent.*